**The below described is SIGNED.**

**Dated: January 05, 2011**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | |
|---|---|
| **ATHANASIOS III, LLC,** | Case No. 10-32726 |
| Debtor. | Chapter 11 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is the Debtor's motion to assume a lease (Motion) between the Debtor and Memorial Building, LLC (Memorial). The Debtor commenced this chapter 11[1] case on September 16, 2010. On December 6, 2010, the Debtor filed the current Motion. Memorial, Paul J. Crowe, and KB Squared (KB) filed objections to the Motion.[2] Memorial asserts that it is due adequate protection if the Debtor is permitted to assume the lease; the Debtor claims it has several offsetting claims against Memorial that satisfy any cure obligations and that provide

---

[1] All future statutory references are to title 11 of the United States Code (2006) unless otherwise indicated.

[2] Although the Court ordered that all objections to the Motion be filed by December 16, 2010, the Court has reviewed KB's objection filed January 3, 2011.

adequate assurance of future payments. Crowe asserts an interest in the lease and seeks adequate protection and an accounting of its cash collateral. KB alleges various procedural missteps of the Debtor and asserts that no lease exists to be assumed. A hearing was held on January 4, 2011. The Court heard the parties' arguments and granted the Motion on the record and now supplements its oral ruling with the following findings of fact and conclusions of law.[3]

## I.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a), and venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M) and the Court may enter a final order.

## II.   FINDINGS OF FACT

The following findings of fact are established by the testimony and exhibits received during the hearing or admissions in the pleadings.

1. The Debtor entered into a lease agreement with Memorial for use of the restaurant/bar space known as Harry O's on February 2, 2006.[4]

2. Due to various disputes between the parties, primarily based on kitchen use and lease payments, the parties engaged in litigation in state court.[5]

---

[3] These Findings of Fact and Conclusions of Law constitute the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9014 and 7052, and incorporates by reference all of the Court's oral rulings made on the record during the hearing. Any of the findings of fact herein are also deemed to be conclusions of law and conclusions of law herein are also deemed to be findings of fact and shall be equally binding as both.

[4] (Hr'g Ex. 1.)

[5] (*See* Mot. to Assume Nonresidential Lease of Real Property 2–3; Memorial Resp. to Mot. ¶¶ 4–5.)

3. During and as a result of that litigation and other negotiations, the Debtor signed three separate settlement agreements.[6] The most recent agreement was signed by the Debtor, through its principals Dimitrios Deslis and Kostantine (aka Kosta) Deslis and Memorial, through its managing member Jun Ro Lee, on September 9, 2010 (Settlement Agreement).[7]

4. The Settlement Agreement provides for a payment of $91,357.71 by the Debtor to Memorial which will satisfy all rent, utilities, taxes, insurance, CAM charges, and any other charges outstanding through September 30, 2010.[8] The Settlement Agreement further provides for a security deposit of $25,000 to be paid by the Debtor.[9]

5. Among other terms of the Settlement Agreement is a mutual release in which each party releases the other party of all known or unknown claims or causes of action that may arise under the lease agreement.[10]

6. The Debtor has continued to rent the Harry O's space from Memorial and is substantially current on its rent obligations from the petition date through January 2011.

7. The interactions of the Debtor with Crowe in this case arise from a promissory note signed by The Brothers Group, LLC,[11] and Dimitrios Deslis and Kostantine Deslis in favor of

---

[6] (Hr'g Ex. B; Mot. to Assume Lease Exs. E, F.)

[7] (Hr'g Ex. B at 8.)

[8] (*Id.* ¶ 1(a).)

[9] (*Id.* ¶ 1(b).)

[10] (*Id.* ¶ 14.)

[11] The Brothers Group, LLC, is one of two members of the Debtor. (*See* Mem. in Reply to Crowe Obj. 2:2–4.)

3

Crowe for $75,000 on March 2, 2009 (Note).[12] The Note gives a security interest to Crowe in various assets of the Debtor, including the lease between the Debtor and Memorial.[13] The Note is not signed by the Debtor or on behalf of the Debtor by its principals.[14]

### III. DISCUSSION

A. <u>Lease Assumption</u>

1. *Cure and Adequate Assurance*

A trustee or debtor in possession[15] may assume an unexpired lease after receiving court approval.[16] If a debtor had previously defaulted on the unexpired lease, a court cannot approve the assumption of a lease unless the trustee or debtor in possession

      i. cures the default or provides adequate assurance that it will promptly cure the default;

      ii. compensates any other parties to the lease for actual pecuniary loss caused by the default or provides adequate assurance that it will promptly provide such compensation; and

      iii. provides adequate assurance that it will comply with the terms of the lease in the future.[17]

---

[12] (Crowe Obj. to Mot. Ex. 1.)

[13] (*Id.* Ex. 1 at 1.)

[14] (*Id.* Ex. 1 at 3.)

[15] *See* § 1107(a) (giving debtor in possession most of the rights in title 11 given to a chapter 11 trustee).

[16] § 365(a).

The Debtor seeks to assume the lease between it and Memorial. Memorial has objected to such assumption without curing payments and adequate assurance payments, however, due to the Debtor's default on the lease obligations.

The parties have agreed in the Settlement Agreement that, in order to cure the default as of September 30, 2010, the Debtor must pay $91,357.71. In addition to the cure amount established by the Settlement Agreement and lease agreement, certain amounts have accrued since the signing of the Settlement Agreement: the Debtor must pay late fees under the lease agreement of $3,600, property tax of $4,920.18, and utility charges of $110.86. Thus the Court finds that the total cure amount is $99,988.75. As indicated in the Court's order of December 13, 2010,[18] the cure payment must be made with certified funds no later than January 14, 2011.

In addition to curing any default, a debtor must also provide adequate assurance of future performance in order to assume an unexpired lease. What constitutes adequate assurance is a case-by-case determination,[19] and a court can consider factors such as "(1) the debtor's payment history; (2) presence of a guarantee; (3) presence of a security deposit; (4) evidence of profitability; (5) a plan which would earmark money exclusively for the landlord; (6) the general outlook in the debtor's industry; and (7) whether the unexpired lease is at, or below, the prevailing rate."[20]

---

[17]     § 365(b)(1).

No parties have argued that they have suffered actual pecuniary loss due to the default, so § 365(b)(1)(B) is not addressed by the Court.

[18]     (Dkt. #71.)

[19]     *In re* C.W. Mining, Co., 2009 Bankr. LEXIS 3512, *13–14 (Bankr. D. Utah Oct. 23, 2009).

[20]     *In re* M. Fine Lumber Co., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) (citing *In re* Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1310 (5th Cir. 1985); *In re* Embers 86th St., Inc., 184

5

Considering the above factors and recognizing that the parties have negotiated for several months or years over the lease, the Court finds it appropriate to use the negotiated agreements to establish adequate assurance.

      i.      The security deposit of $25,000.00 that has been placed with the state court shall be released to Memorial's counsel to be held in escrow in a non-IOLTA, interest-bearing account pending further order of the Court.

      ii.      In accordance with paragraph 14 of the lease agreement, the Debtor shall obtain personal property and liability insurance naming the Debtor as the insured, by January 14, 2011. The Debtor shall provide Memorial with a copy of the certificate of coverage by January 14, 2011, and a copy of the policy as soon as possible thereafter.

      iii.      As per subparagraphs 4(c) and (d) of the Settlement Agreement, monthly rent is required by the first business day of each month and any payment past that date will be deemed late, placing the lease into default.

      iv.      The Debtor shall file its debtor in possession monthly operating reports for October and November 2010 by January 12, 2011; its December report by January 19, 2011; and all subsequent monthly operating reports by the 15th day of the month in which they are due.

    2.    *Offset Claims*

The Debtor asserts various offsetting claims to these amounts in its various memoranda, for overpayment of rent and insurance. These claims, however, would appear to be subject to and

---

B.R. 892, 902 (Bankr. S.D.N.Y. 1995); *In re* Westview 74th St. Drug Corp., 59 B.R. 747, 755 (Bankr. S.D.N.Y. 1986); *In re* Natco Indus., Inc., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985); *In re* Sapolin Paints, Inc., 5 B.R. 412, 421 (Bankr. E.D.N.Y. 1980)).

extinguished by the release of claims in the Settlement Agreement. The Settlement Agreement is a contract between the parties and has been signed by the party against whom enforcement is sought. Further, the Debtor has not articulated any specific reasons explaining why the Court should not apply the terms of the contract as written. Thus, in accordance with the Settlement Agreement between the parties, the offsetting claims are considered extinguished and not decided here. Without any offsetting claims, the Debtor must pay the above amounts to cure the default and to provide adequate assurance of its ability to perform according to the terms of the lease in the future.

### 3. *Attorney fees*

Both the lease agreement and the Settlement Agreement provide that, in litigation between the parties, "the prevailing party shall be entitled to recover from the other reasonable expenses and attorney fees."[21] As the Court is granting the Debtor's Motion, but also finding that Memorial is substantially correct in the cure amount due, neither party is the sole "prevailing party" and no attorney fees are awarded.

### B. Cash Collateral

The objection by Crowe raises a separate issue of seeking an accounting of cash collateral. This objection is not relevant to this proceeding—and was acknowledged by Crowe at the hearing—for two reasons.

First, the Court does not have jurisdiction to determine this issue because the Debtor is not obligated on the promissory note. The Debtor did not sign the promissory note, as Dimitrios Deslis and Kostantine Deslis signed for The Brothers Group, LLC, and not for the Debtor.

---

[21] (Hr'g Ex. 1 ¶ 25; *see* Hr'g Ex. B ¶ 10.)

7

Because the obligation under the Note is not a debt of the Debtor, the Court need not make any determination regarding Crowe's rights in the Debtor's collateral.

Alternatively, if the Court does have jurisdiction, it does not need to address this objection because the Motion does not seek the use of cash collateral. Cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents . . . ."[22] The lease agreement would not be included in that category and thus the Motion would not require a determination of cash collateral such as is being sought by Crowe.

Because Crowe does not have an interest in the lease vis-à-vis the Debtor, Crowe does not have standing to object to the Motion and the objection is overruled.

### C. Disinterestedness of Attorney

KB objects to the Motion on the basis that the Debtor has not properly employed its counsel. In particular, KB asserts that the Debtor's counsel has not submitted an affidavit of disinterestedness. The Court finds that this is not the proper time to consider such an objection, but that such issues may be addressed upon an application for compensation or other motion by a party in interest.

### D. Memorial's Remedy upon Default

In light of the Debtor's prepetition payment history, if Debtor fails to timely cure the default by paying $99,988.75 to Memorial as indicated in the accompanying Order or to obtain insurance as discussed above, Memorial may request an expedited hearing to obtain relief from the automatic stay upon forty-eight hours of notice to the Debtor, the Debtor's counsel, and the United States Trustee.

---

[22] § 363(a).

8

## IV.    CONCLUSION

A motion to assume a lease can only be granted if any prior default is cured and adequate assurance is provided of future compliance. The terms of cure and adequate protection required of the Debtor to assume the lease with Memorial are outlined above. The Debtor's motion to assume the lease is granted subject to the payment conditions set forth above.

------------------------------------------------- END OF DOCUMENT ---------------------------------------



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** will be effected through the Bankruptcy Noticing Center to each party listed below.

Steven R. Paul
NELSON SNUFFER DAHLE & POULSEN
10885 South State Street
Sandy, UT 84070
*Counsel for the Debtor*

Joseph E. Wrona
Knute A. Rife
WRONA LAW FIRM, P.C.
11650 South State Street, Suite 103
Draper, UT 84020
*Counsel for Memorial Building, LLC*

Michael L. Labertew
LABERTEW & ASSOCIATES, LLC
2825 East Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
*Counsel for Paul J. Crowe*

Trent J. Waddoups
CARR & WADDOUPS, LLC
8 East Broadway, Suite 609
Salt Lake City, UT 84111-2235
*Counsel for Paul J. Crowe*

Mona L. Burton
Sherilyn A. Olsen
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101-1031
*Counsel for KB Squared, LLC*

Peter J. Kuhn
Laurie A. Cayton
U.S. Trustee's Office
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
*Counsel for the U.S. Trustee*